**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 16, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.    2024AP45
2024AP46**

Cir. Ct. Nos.   2022TP34
2022TP35

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

---

**NO. 2024AP45**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO N. U.,
A PERSON UNDER THE AGE OF 18:**

**BROWN COUNTY HEALTH AND HUMAN SERVICES,**

    **PETITIONER-RESPONDENT,**

  **V.**

**R. U.,**

    **RESPONDENT-APPELLANT.**

---

**NO. 2024AP46**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO P. U.,
A PERSON UNDER THE AGE OF 18:**

**BROWN COUNTY HEALTH AND HUMAN SERVICES,**

    **PETITIONER-RESPONDENT,**

V.

**R. U.,**

**RESPONDENT-APPELLANT.**

---

APPEALS from orders of the circuit court for Brown County: BEAU G. LIEGEOIS, Judge. *Affirmed.*

¶1 STARK, P.J.[1] Ralph[2] appeals from orders terminating his parental rights to his son, Neil, and to his daughter, Peggy.[3] Ralph argues that the circuit court erred by granting partial summary judgment in the grounds phase of the termination of parental rights (TPR) proceedings because a genuine issue of material fact exists. Ralph also argues that the court erroneously exercised its discretion when it found that terminating Ralph's parental rights was in Neil's and Peggy's best interests.

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reading, we refer to the appellant using a pseudonym, rather than his initials, and we do the same for any of Ralph's family members referenced in this opinion.

These appeals were consolidated for briefing and disposition by an order dated January 25, 2024, pursuant to WIS. STAT. RULE 809.10(3).

[3] Cases appealed under WIS. STAT. RULE 809.107 are "given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply." RULE 809.107(6)(e). Conflicts in this court's calendar have resulted in a delay. It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case. *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995). Accordingly, we extend our deadline to the date this decision is issued.

2

¶2    We conclude that Ralph raised no genuine issue of material fact preventing the circuit court from granting partial summary judgment in the grounds phase of the proceedings. We also conclude that the court considered and weighed all of the required statutory factors set forth in WIS. STAT. § 48.426(3), and that the record supports the court's exercise of discretion in finding that termination of Ralph's parental rights was in Neil's and Peggy's best interests. Accordingly, we affirm.

## BACKGROUND

¶3    Neil was born to Brittany and Ralph in December 2013, and Peggy was born to Brittany and Ralph in March 2017.[4] In October 2019, after a dispositional hearing, the circuit court entered an order finding that Neil and Peggy were children in need of protection or services (CHIPS) pursuant to WIS. STAT. § 48.13(10) and placed Neil and Peggy in the care of a foster family. In order to have Neil and Peggy returned to his care, the court required Ralph to complete ten conditions as recommended by the Brown County Human Services Department (the Department), and it warned Ralph that his parental rights to Neil and Peggy could be terminated if he did not complete those conditions.

¶4    In December 2020, Neil and Peggy were placed with their current foster family, and the circuit court again warned Ralph that his parental rights could be terminated if he failed to comply with the conditions to have Neil and Peggy returned to his care. In August 2021, following another dispositional hearing, the court suspended Ralph's visitation with Neil and Peggy, imposed

---

[4] Brittany's parental rights are not at issue in these appeals. We mention her parental rights only to the extent necessary to address Ralph's arguments on appeal.

conditions for the reinstatement of visitation, and again warned Ralph that his parental rights could be terminated if he failed to meet the court-ordered conditions.

¶5    In September 2022, the Department petitioned the circuit court to terminate Ralph's parental rights to Neil and Peggy on the grounds of continuing CHIPS and continuing denial of periods of physical placement or visitation, pursuant to WIS. STAT. § 48.415(2) and (4), respectively.[5]  The Department then moved for partial summary judgment in the grounds phase of the proceedings based on the continuing denial of Ralph's periods of physical placement or visitation with his children.

¶6    Ralph opposed the motion for partial summary judgment, arguing that there was a disputed issue of material fact as to whether he was capable of satisfying the conditions to have visitation with Neil and Peggy restored and that the grant of partial summary judgment would therefore violate his due process rights.  The circuit court rejected this argument, noting that Ralph did not dispute that he had been denied visitation with his children for more than one year.  It therefore concluded that there was no genuine issue of material fact and granted the Department partial summary judgment on grounds.

---

[5] "Wisconsin has a two-part statutory procedure for the involuntary termination of parental rights." *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856.  In the first step, the grounds phase, a fact finder must determine whether the petitioner has established the existence of one or more of the statutorily enumerated grounds for a TPR. *See* WIS. STAT. § 48.424(1)(a).  In the second step, the dispositional phase, the circuit "court is called upon to decide whether it is in the best interest of the child that the parent's rights be permanently extinguished." *Steven V.*, 271 Wis. 2d 1, ¶27.

¶7      Ralph then filed a motion to dismiss the TPR proceedings, arguing that he was denied substantive due process in the CHIPS proceedings because he did not have a meaningful opportunity to seek counsel and that the Department did not assist him in obtaining counsel. The circuit court also rejected this argument, noting that parents do not have an automatic right to counsel in CHIPS proceedings, that Ralph was able to participate in the CHIPS proceedings, and that he understood the requirements that he had to fulfill.[6]

¶8      At the TPR dispositional hearing, the circuit court heard testimony from Lauren Savarin, a child welfare worker at the Department. Savarin testified that she was the case manager for Neil and Peggy, that Neil and Peggy had been removed from Ralph's home since 2019, and that Neil and Peggy's current foster parents were interested in adopting them. Savarin stated that the foster parents had never wavered in their decision to adopt Neil and Peggy and that the Department had no safety concerns with the foster parents' home. Savarin further testified that since Neil and Peggy had been removed from Ralph's care, Ralph had not been involved in assisting the foster parents in making medical or educational decisions for Neil and Peggy, and that both children were healthy and did not have any developmental issues.

¶9      Savarin explained that Ralph's visitation rights were suspended due to his "unmanaged and out-of-control mental health along with the inability to understand what effect it had on the children." Savarin further explained that she tried to offer Ralph help and resources to meet the conditions to regain visitation

---

[6] On appeal, Ralph does not raise the issue of whether he was denied substantive due process due to his issues with obtaining counsel in the CHIPS proceedings. Accordingly, we do not address this issue further.

rights. Savarin also testified that Ralph did not have a substantial relationship with Neil and Peggy and that Neil told her that he and Peggy did not "really think about [Ralph]." Finally, Savarin opined that terminating Ralph's parental rights would not be harmful to Neil and Peggy. On cross-examination, Savarin stated that Ralph's family was not interested in contacting Neil and/or Peggy.

¶10 When asked about the nature of his disability, Ralph testified, "Mostly my mental problems and all that kind of stuff…. You'd have to ask the doctors." Ralph stated that he is able to read, but he cannot understand what he is reading, and he needs help to understand the paperwork he receives from the circuit court. Ralph explained that he thought he completed all of the conditions necessary to regain visitation rights to Neil and Peggy—including completing an alcohol and other drug abuse assessment and taking two parenting classes—and that he can maintain a house. At the end of his testimony, Ralph stated that he loves Neil and Peggy and would "very much" "love to get a chance" to be with them.

¶11 The circuit court found that Neil and Peggy were adoptable and healthy and it noted that the foster parents expressed an interest in adopting them. The court also found that Ralph's relationship with Neil and Peggy "was substantial [at] one period of time in the past" but that their relationship had deteriorated and "is not anywhere near substantial at this point." The court noted that this deterioration was due, in part, to Ralph's mental health issues and unreliability. Remarking that the children did not wish to sever relationships with anybody, the court found that Neil and Peggy did express a desire for permanency and that their foster home would provide them with a "more stable and permanent family relationship." Based on all of these factors, the court concluded that the termination of Ralph's parental rights would be in Neil's and Peggy's best

interests. The court therefore terminated Ralph's parental rights to Neil and Peggy. Ralph now appeals.

## DISCUSSION

¶12    Ralph first contends that the circuit court erred by granting partial summary judgment during the grounds phase of the TPR proceedings, arguing that there was a genuine issue of material fact. Specifically, Ralph asserts that his CHIPS "case[s] and orders were obtained using fundamentally unfair and flawed procedures." Ralph states that "it was impossible or completely unreasonable to comply with the court order[s]" in his CHIPS proceedings.

¶13    We review a circuit court's grant of summary judgment de novo, "applying the same methodology as the circuit court but benefiting from the circuit court's analysis." *State v. Bobby G.*, 2007 WI 77, ¶36, 301 Wis. 2d 531, 734 N.W.2d 81. Summary judgment is available in TPR proceedings "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2); *see Steven V. v. Kelley H.*, 2004 WI 47, ¶35, 271 Wis. 2d 1, 678 N.W.2d 856.

¶14    Quoting our supreme court, Ralph notes that "summary judgment will ordinarily be inappropriate in [TPR] cases premised on … fact-intensive grounds." *See Bobby G.*, 301 Wis. 2d 531, ¶40 (citation omitted). He asserts that he was entitled to a trial in the grounds phase of the proceedings and that the grant of partial summary judgment violated his due process rights. However, Ralph fails to acknowledge that denial of visitation under WIS. STAT. § 48.415(4) is not considered a "fact-intensive" ground; rather, it is a "paper ground[]" that "is

7

expressly provable by evidence of a court order." *See Steven V.*, 271 Wis. 2d 1, ¶¶36-39. Specifically, § 48.415(4) is satisfied if the petitioner proves by clear and convincing evidence that a parent has been denied periods of physical placement or visitation by court order—containing a warning required by WIS. STAT. §§ 48.356(2) or 938.356(2)—and that at least one year has passed since the order was issued and the order has not been modified so as to permit periods of physical placement or visitation. *Steven V.*, 271 Wis. 2d 1, ¶¶36-39.

¶15 Ralph does not dispute that he has been denied visitation by court orders, that more than one year has elapsed since the orders denying visitation were issued, or that the orders contained the warning required by WIS. STAT. §§ 48.356(2) or 938.356(2). Thus, there is no genuine issue as to whether the ground set forth in WIS. STAT. § 48.415(4) was satisfied for both Neil and Peggy. To the extent that Ralph wishes to attack the validity of the underlying CHIPS orders, that issue was not raised before the circuit court in the TPR proceedings nor is it before this court on appeal.

¶16 Even if the CHIPS orders were before us, we conclude that Ralph's argument—i.e., that the CHIPS orders were obtained with "flawed" procedures and that it was "impossible" for him to comply with the conditions to have his visitation rights reinstated—is wholly undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (concluding that we need not address undeveloped arguments). Ralph states that he had disadvantages, that he is disabled, and that "the conditions for reinstatement of the visits were never truly in [his] hands." However, Ralph never points to evidence in the record explaining his disability, how it affects him, or how it precluded him from completing the conditions for reinstatement of his visitation with the children. Ralph did not present the testimony or report of an expert to explain how his

disability hindered him in meeting the conditions required to resume his visitation. Similarly, Ralph does not explain how the Department could have assisted him with meeting the court-ordered conditions given his disability. Ralph also does not explain what the Department did to assist him and he fails to develop an argument, as to which conditions were impossible to meet, despite the Department's assistance.

¶17     The facts that Ralph "alleged in opposition to summary judgment are so insufficient that no reasonable jury would be able to return a finding in his favor."[7]  *See Brown Cnty. Hum. Servs. v. B.P.*, 2019 WI App 18, ¶51, 386 Wis. 2d 557, 927 N.W.2d 560.  Accordingly, we conclude that the Department was entitled to partial summary judgment in the grounds phase of the proceedings.

¶18     Ralph also argues that the circuit court erroneously exercised its discretion by terminating his parental rights to Neil and Peggy.  Ralph asserts that the record does not support the court's finding that terminating his parental rights is in Neil's and Peggy's best interests, that the court "did not give sufficient weight to the efforts being made by [Ralph] to improve his circumstances," and that the court did not sufficiently account for the love that Ralph has for Neil and Peggy.

¶19     We will sustain the circuit court's ultimate determination during the dispositional phase of a TPR proceeding if the court properly exercised its

---

[7] Ralph argues that the circuit court's grant of partial summary judgment violated his due process rights by "unfairly" denying him the right to present a defense.  We reject this argument.  Ralph had the opportunity to—and did—present a defense during the grounds phase of the TPR proceedings by filing a response in opposition to the Department's summary judgment motion and by filing a motion to dismiss.  *See supra* ¶¶6-7.  Further, "due process does not mandate a []trial in the [dispositional] phase of a TPR case." *Steven V.*, 271 Wis. 2d 1, ¶44.

discretion. *State v. Margaret H.*, 2000 WI 42, ¶32, 234 Wis. 2d 606, 610 N.W.2d 475. A court "properly exercises its discretion when it examines the relevant facts, applies a proper standard of law and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach." *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996). A court's findings of fact will be upheld unless they are clearly erroneous. WIS. STAT. § 805.17(2).

¶20     During the dispositional phase of a TPR proceeding, the circuit court must consider the best interests of the child. WIS. STAT. § 48.426(2). To determine the best interests of the child, the court must consider, but is not limited to, the six factors set forth in § 48.426(3).

¶21     We reject Ralph's argument that the record did not support the circuit court's discretionary determination that terminating his parental rights was in Neil's and Peggy's best interests. The court heard extensive testimony from the Department regarding all of the factors required to determine Neil's and Peggy's best interests. *See supra* ¶¶8-9. Further, the court's findings reflected a careful consideration of the evidence presented and the factors that the court was required to consider. *See supra* ¶11.

¶22     Ralph does not allege that the circuit court failed to consider or improperly considered any of the mandatory factors set forth in WIS. STAT. § 48.426(3). Rather, Ralph argues that by finding that termination of his parental rights was in the best interests of the children, the court did not give sufficient weight to the efforts that he made to obtain the return of his children and to the love that he has for Neil and Peggy—two factors that the court is not statutorily required to consider. *See* § 48.426(3). When the record reflects that the circuit court examined each required factor, we defer to its determination of the proper

weight to give each factor. *State v. A.T.*, No. 2022AP544, unpublished slip op. ¶26 (WI App June 28, 2022), *review denied*, 2022 WI 104, 997 N.W.2d 398;[8] *Margaret H.*, 234 Wis. 2d 606, ¶29.

¶23    Here, the circuit court did not erroneously exercise its discretion when—after considering the required statutory factors—it found that despite Ralph's love for his children, Neil's and Peggy's best interests and their desire for permanency were best served by their foster parents providing them with a "more stable and permanent family relationship." *See State v. S.F.*, Nos. 2023AP1699 and 2023AP1702-05, unpublished slip op. ¶53 (WI App Dec. 12, 2023), *review denied* (WI Feb. 22, 2024) (concluding that the circuit court did not erroneously exercise its discretion when, after considering all of the statutory factors, it concluded that terminating the mother's parental rights was in the children's best interests notwithstanding the fact that the court "valued [the mother's] love for her children, but concluded that her love alone was not enough to meet the children's needs").

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[8] Unpublished opinions authored by a single judge and issued on or after July 1, 2009, may be cited for their persuasive value. *See* WIS. STAT. RULE 809.23(3)(b).